**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL ALEXANDER FUENTES GUEVARA,<br><br>                              Petitioner,<br><br>       v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-00342-BAS-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Manuel Alexander Fuentes Guevara filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 that seeks release from immigration custody. (ECF No. 1.) Respondents filed a Return (ECF No. 5), and Petitioner filed a Traverse (ECF No. 6). For the reasons stated below, the Court **DENIES** the Petition.

**I.      STATEMENT OF FACTS**

On April 14, 2005, Petitioner, a national and citizen of El Salvador, entered the United States illegally as an unaccompanied minor and was arrested. (ECF No. 1 at ¶ 18; ECF No. 5-1 at ¶ 3.) The Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear and released him on his own recognizance to his mother. (ECF No. 1 at ¶ 18; ECF No. 5-1 at ¶ 4.) Petitioner failed to appear for his immigration hearing on November 7, 2005, and was ordered removed from the United States *in absentia.* (ECF

- 1 -

No. 5 at ¶ 5.) According to Petitioner, he never received notice of this hearing. (*Id.* at ¶ 21.)

Petitioner continued to live in the United States for the next twenty years without any court appearances. He is now married to an individual with temporary protected status and has two United States citizen children. (ECF No. 1 at ¶ 24.) On November 7, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner and began to make arrangements to repatriate him to El Salvador. (ECF No. 5-1 at ¶ 6.) Petitioner moved to reopen his removal, which was denied by an Immigration Judge. (ECF No. 1 at ¶ 35; ECF No. 5-1 at ¶ 9.) Petitioner has now appealed this denial to the Board of Immigration Appeals ("BIA").

Petitioner argues in the Petition that he is being held without bond in violation of both substantive and procedural due process; that his arrest twenty years after he was released on his own recognizance is "arbitrary and capricious" and thus violates the Administrative Procedure Act ("APA"); that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001); and that the *ultra vires* action of his arrest violates the *Accardi* doctrine.

## II.    ANALYSIS

### A.    Standing

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

26cv0342

**B.** **Jurisdiction**

Respondents argue that this Court lacks jurisdiction to hear Petitioner's claim under 8 U.S.C. § 1252. (ECF No. 5.) Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His detention may be during, but is nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

Relatedly, Section 1252(b)(9) states, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."

- 3 -

"[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016). Thus, in *Nielsen v. Preap*, 586 U.S. 392 (2019), the Supreme Court held Section 1252(b)(9) inapplicable when the petitioners were not asking for review of an order of removal, were not challenging the decision to detain them in the first place or to seek removal, and were not challenging any part of the process by which removability would be determined. *Id.* at 402 (citing *Jennings*, 583 U.S. at 294).

Here, Petitioner does not challenge the Government's authority to remove him from the United States in this Petition. Instead, he challenges his re-detention without bond. Thus, Section 1252(b)(9) does not provide a jurisdictional bar.

### C.    Mandatory Detention Under 8 U.S.C. § 1231

By statute, after entry of a final removal order, noncitizens must be held in custody. 8 U.S.C. § 1231(a)(2); *Zadvydas*, 533 U.S. at 683. Congress "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Although a noncitizen ordered removed shall be removed within 90 days of the order of removal, he "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701; *see also* 8 U.S.C. § 1231(a)(1)(A).

Once DHS had a final order of removal ordering that Petitioner be removed to his native country of El Salvador, it was no longer required to allow him to be released on his own recognizance. At this point, it was not a violation of due process, either substantive or procedural, for Respondents to detain Petitioner without notice so that the removal order could be carried out. *See Lin v. Francis*, No. 25 Civ. 10001 (PAE), 2025 WL 3751855, at *3 (S.D.N.Y. Dec. 29, 2025) (reasoning that petitioner fails to "offer case law supporting the improbable proposition that—with his not having appeared at his removal hearing or evidently had any contact in the ensuing 12 years with ICE—ICE was required either (1) to give him advance notice . . . before detaining him, or (2) to release him on supervisory

26cv0342

conditions after it encountered him"). Nor was such action "arbitrary and capricious" under the Administrative Procedure Act because it violated the 90-day deadline set by 8 U.S.C. § 1231(a)(1)(A) for removal. *Id.* at \*4 (reasoning this 90-day deadline is "self-evidently addressed to noncitizens accessible to ICE," not to individuals like petitioner who failed to show for his immigration hearing). The detention was pursuant to an order that allowed Respondents to detain and remove Petitioner from the country.

Nor is Petitioner's detention a violation of *Zadvydas*. The *Zadvydas* Court was concerned with indefinite detention where a noncitizen was not able to be removed from the United States such that his detention in immigration custody was "potentially permanent." 533 U.S. at 690–91. The Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Such is not the case for Petitioner. The Government provides evidence that individuals may be rapidly removed to El Salvador. (ECF No. 5-1 at ¶¶ 12–13.) Once Petitioner has exhausted his appeal, travel documents can be obtained in two to three days. (*Id.*) The only reason this removal has not yet been effectuated is to give Petitioner a chance to appeal the denial of his request to reopen his removal proceedings. Hence, removal is reasonably foreseeable, Petitioner is not indefinitely detained, and his detention in immigration custody is not potentially permanent. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1060–61 (9th Cir. 2003) (providing a petitioner cannot simultaneously take steps to prevent his removal while seeking a writ of habeas corpus on the basis that he has not yet been removed).

Finally, because the Court finds Respondents did not violate any procedural rules or instructions, their actions were not *ultra vires*, and the *Accardi* doctrine is inapplicable. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266–68 (1954) (providing the *Accardi* doctrine applies when an administrative agency fails to follow its own established rules and procedures).

26cv0342

## III. CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus is **DENIED**. (ECF No. 1.) The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: February 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 6 -

26cv0342